MARSHALL G. WRIGHT *vs.* ARTHUR M. FICKETT.

Cumberland.     Opinion January 16, 1911.

*Sales.   Conditional Sales.   Evidence.   Officers.   Conversion.   Damages.*

Evidence in an action against a constable for the conversion of a motor boat levied upon and sold by him under an attachment in a suit against one Turner, *held* not sufficient to show a conditional sale of the boat by the plaintiff to Turner.

In an action against a constable for the conversion of a motor boat levied upon and sold by him under an attachment, the evidence showed that the plaintiff purchased the boat for $80, but defendant sold it for $125, and there was no other evidence introduced bearing on the value of the boat. *Held*, that $125 may be taken as the damages to the plaintiff.

On report.   Judgment for plaintiff.

Action of trespass against a constable for taking and carrying away and selling a motor boat under an attachment in a suit

against one Percy Turner who then had possession of the boat. Plea, the general issue with brief statement alleging as follows: "That the plaintiff is not the owner of the goods and chattels in his writ described but is the owner of an unrecorded mortgage against said property." At the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Marshall G. Wright, and Ernest E. Noble,* for plaintiff.

*William H. Gulliver, and Gerry L. Brooks,* for defendant.

SITTING: EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

PEABODY, J. This is an action of trespass against a constable of the city of Portland for the conversion of a motor boat levied upon and sold by him under an attachment in a suit against one Percy Turner in whose possession the boat then was.

The amount sued for is $200.00 and the defendant's plea is the general issue with a brief statement alleging that the plaintiff is not the owner of the goods and chattels as in his writ described, but is the owner of an unrecorded mortgage against said property.

The report shows that on May 25th, 1908, the plaintiff purchased the motor boat for the sum of $80.00 ; that it was thereupon let to Percy Turner at an agreed rental of $3.00 per week while he should use it and in addition to which he was to keep the boat in repair. Turner used the boat in his fishing business during the season of 1908 and late in the fall hauled the boat up for the winter. The evidence is contradictory as to how much rent was paid, but it appears that the plaintiff received the whole amount due for rental of the boat for the season of 1908, and there is no evidence that he has received more than this. While the boat was being put in order by Turner for the season of 1909, it was taken by the officer and sold for the sum of $125.00.

The defendant claimed that the circumstance of the possession and acts of dominion by Turner together with the sum paid for rental indicate that there was a conditional sale of the boat to him

and that the plaintiff retained only a lien for the purchase price, but there is nothing in these facts which would warrant such a conclusion in the absence of more satisfactory evidence of an agreement between the plaintiff and Turner.    The only circumstances pointing at all to such a transaction rest upon evidence which falls far short of indicating an agreement between the parties.    At some time subsequent to the renting of the boat to Turner, a conversation was had between them, and the plaintiff then intimated that if Turner should pay him a profit of $30.00 or $40.00 on the boat at some time before the end of the year, he would allow the amount of the rent towards the purchase price and sell him the boat.    There is no evidence that Turner accepted this offer and he does not appear to have been in a position to pay for the boat at any time during the year, being still in arrears for the rent at the beginning of the following year.    It is true that he was paying the plaintiff $3.00 a week for rent of the boat while he had the year before hired the same boat at a rental of $2.50 per week, but this increased rental even with the additional burden of repairs bears no greater proportion to the actual value of the boat as shown by the officer's sale than the rental of the previous season bears to the value placed upon the boat by its owner at that time indicated by the price at which he sold it to the plaintiff; and even if he were paying a higher rent than good business judgment would approve, this may well be attributed to his own lack of foresight and his inability to finance a more favorable arrangement, and it does not change the nature of the contract from a lease to a conditional sale.    Turner appears to have had no attachable interest in the boat and the plaintiff seems to have parted with no title in his property as the result of the wholly indefinite proposal which he made to him in regard to its purchase, Williston on Sales, sec. 336.    *Thomas* v. *Parsons*, 87 Maine, 203.    As it is admitted that the boat was sold for the sum of $125.00 and no other satisfactory evidence is introduced bearing on the value of the boat excepting the purchase price in the first instance, $125.00 may fairly be taken as the damages to the plaintiff.

*Judgment for plaintiff for $125.*